No. 1008

WINSOR v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1495. Decided Sept. 14, 1926

61. ALIBI—Alibi is no defense but is merely evidence introduced for the purpose of attempting to prove that defendant was not guilty of the crime charged.

225. CHARGE TO JURY—It is not error for the trial court not to charge on the subject of alibi where no law is involved in the evidence thereof.

BY THE COURT.

Jack Winsor was indicted and convicted in the Franklin Common Pleas upon the charges of grand larceny and housebreaking. Error was prosecuted and it was contended that the trial court erred in excluding evidence offered by defendant; in failing to charge upon the subject of alibi; and that the court erred in permitting the state to go into detail in developing the criminal record of Winsor.

The Court of Appeals held:

1. Alibi is not a defense but only evidence tending to prove that the defendant was not guilty of the crime charfed.

2. Evidence tending to prove alibi is, therefore, like any other evidence offered by defendant in his disfense.

3. There was no question of law involved in the evidence of alibi and the lower court in its general charge had declared the law as to the general issues in the case.

4. This is all required of the trial judge and no prejudicial error was committed by his failure to charge on the subject of alibi.

5. Winsor testified in chief as to his criminal record and it was competent within the court's discretion, to go into the same subject on cross-examination. It being competent for the purpose of effecting credibility, the admission thereof was not error.

6. The evidence offered by Winsor tending to show that other men committed the house breaking is too vague and indefinite to be considered as an item of corroboration of his testimony.

Judgment affirmed.

'Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Hamilton, Kennedy & Horner for Winsor; John R. King, Pros. Atty., and H. A. Phelan, Asst. Pros. Atty., for State; all of Columbus.